## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **JEAN KOZIJ,** | : |
| **Plaintiff** | : |
| | : |
| **v.** | :  **C.A. No.:** |
| | : |
| **PHRED'S DRUG, INC.,** | : |
| **Defendant** | : |

### COMPLAINT

### I. Introduction

This action is brought by the Plaintiff seeking declaratory and injunctive relief, attorney's

fees and litigation expenses and other equitable relief, including back pay, as well as compensatory

and punitive damages to remedy unlawful discrimination in employment the Plaintiff suffered in

violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA"), the

Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* ("ADA"), the Rhode Island

Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.* ("FEPA"), the Rhode Island Civil Rights

Act of 1990, R.I.G.L. §42-112-1, *et seq.* ("RICRA"), and the Rhode Island Civil Rights of People

with Disabilities Act, R.I.G.L. §42-87-1, *et seq.* ("CRPD").

### II. Parties

1.      The Plaintiff is a resident of the City of Cranston, County of Providence, State of

Rhode Island.

2.      Defendant Phred's Drug, Inc. ("PDI") is a corporation organized pursuant to the

laws of the State of Rhode Island, with its principal place of business located at P.O. Box 20250,

Cranston, Rhode Island 02920.  Respondent PDI also maintains a store location at 1300 Oaklawn

Avenue, Cranston, Rhode Island 02920.

1

### III. <u>Jurisdiction</u>

3.     This Court has jurisdiction over the Plaintiff's claims under the ADEA pursuant to 29 U.S.C. §626, jurisdiction over the Plaintiff's claims under the ADA pursuant to 42 U.S.C. §12117, and supplemental jurisdiction over the Plaintiff's claims under the FEPA, the RICRA, and the CRPD pursuant to 28 U.S.C. §1367.

### IV. <u>Venue</u>

4.     Venue is proper in this Court insofar as a substantial portion of the events or omissions giving rise to the within claim occurred in Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

### V. <u>Exhaustion of Administrative Remedies</u>

5.     On or about July 26, 2017 the Plaintiff timely filed a charge of discrimination against Defendant PDI with the Rhode Island Commission for Human Rights ("RICHR"), RICHR No. 18 EPD 039-02/02, and the United States Equal Employment Opportunity Commission ("EEOC"), EEOC No. 16J-2017-00362.

6.     On or about March 5, 2018, more than one hundred twenty (120) days, but less than two (2) years after the charge was filed, the Plaintiff requested that the RICHR and the EEOC issue a right to sue letter.

7.     On or about March 15, 2018, the Plaintiff was issued a notice of right to sue by the RICHR and has timely instituted suit thereon.

8.     On or about May 7, 2018, the Plaintiff was issued a notice of right to sue by the EEOC and has timely instituted suit thereon.

9.     There is no requirement under the RICRA and the CRPD relative to the exhaustion of administrative remedies.

2

## VI. **Material Facts**

10.    The Plaintiff is fifty-eight (58) years-old.

11.    In or about 1980, the Plaintiff was hired by Defendant PDI.

12.    In or about 1983, the Plaintiff became a licensed pharmacist and began working at Defendant PDI as a pharmacist.

13.    In or about 1998 or 1999, the Plaintiff became the Pharmacist-In-Charge ("PIC") at Defendant PDI.  As the Plaintiff was the PIC, Defendant PDI was registered with the State of Rhode Island ("State") under her license.

14.    Throughout her employment at Defendant PDI, the Plaintiff's work performance was satisfactory and met Defendant PDI's legitimate expectations.

15.    While employed at Defendant PDI, the Plaintiff was subjected to discrimination in the terms and conditions of her employment on account of her age and/or disability or perceived disability.

16.    At the time of her wrongful termination, the Plaintiff was the longest tenured employee at Defendant PDI, other than family members.

17.    In or about 2016, the Plaintiff underwent arthroscopic knee surgery on her left knee.  As a result of her surgery, the Plaintiff used one (1) week of her vacation time to recover.

18.    On or about September 1, 2016, the Plaintiff underwent gallbladder surgery.  As a result of her surgery, the Plaintiff used one (1) week of her vacation time to recover.

19.    On or about November 30, 2016, the Plaintiff fell while at work and sustained a broken shoulder.

20.    The Plaintiff immediately sought medical treatment for her broken shoulder and was restricted from working.

3

21.    Thereafter, the Plaintiff advised James Rossi ("J. Rossi"), her supervisor and an owner of Defendant PDI, about her injury, that she was restricted from working due to her injury and provided him with a physician's note restricting her from working.

22.    On December 19, 2016, Defendant PDI sent the Plaintiff a letter regarding her medical leave.

23.    On December 19, 2016, the Plaintiff was seen by her physician and was advised to continue her medical leave.  Thereafter, the Plaintiff provided her physician's notes to Mr. J. Rossi indicating same.

24.    In or about mid-December, 2016, during the Plaintiff's medical leave, Defendant PDI removed the Plaintiff as the PIC and re-registered Defendant PDI under another pharmacist's license with the State.

25.    On or about December 24, 2016, after receiving Defendant PDI's December 19th letter, the Plaintiff went to Defendant PDI to pick up a prescription and give holiday gifts to her co-workers.

26.    While at Defendant PDI, the Plaintiff noticed that several Defendant PDI employees acted differently towards her – as if they were confused as to why she was at the pharmacy.

27.    During this visit, the Plaintiff spoke with Michael Rossi ("M. Rossi"), an owner of Defendant PDI.

28.    During this conversation, the Plaintiff informed Mr. M. Rossi that she wanted to return to her position when she was able.  Mr. M. Rossi stated that she would have to speak with Mr. J. Rossi and his father, Chuck Rossi ("C. Rossi"), about her return.

4

29.    On January 11, 2017, the Plaintiff was seen by her physician and was advised to continue her medical leave.

30.    On January 25, 2017, the Plaintiff met with Mr. J. Rossi.

31.    During this meeting, the Plaintiff informed Mr. J. Rossi that she could return to work on January 30, 2017.

32.    In response, Mr. J. Rossi stated that he needed to check the work schedule and would advise the Plaintiff about being able to return to work on January 30, 2017.

33.    On January 27, 2017, three (3) days prior to her return date of January 30, 2017, the Plaintiff again met with Mr. J. Rossi.

34.    During this meeting, Mr. J. Rossi told the Plaintiff that Defendant PDI hired a new pharmacist and had no work hours available and, in doing so, terminated her employment.

35.    Defendant PDI replaced Ms. Kozij with a younger, less experienced employee.

36.    During this meeting, Mr. J. Rossi further stated that the Plaintiff's termination was "due to what happened" and that this was "the only reason" that she was being terminated.

37.    The Plaintiff asked Mr. J. Rossi if he was referring to her fall and subsequent medical leave. Mr. J. Rossi stated that was the incident to which he was referring and specifically stated that the Plaintiff's performance was not a motivating factor in her termination.

38.    Defendant PDI's purported reason for the Plaintiff's termination was pretext for workplace discrimination.

39.    The Plaintiff has suffered economic damages, including, but not limited to, equitable damages, compensatory damages, including, but not limited to, emotional distress, loss of enjoyment of life, humiliation, damage to her business and personal reputation and other great

harm, as a result of being discriminated against due to her age and/or disability or perceived disability.

40.     That the facts of this matter clearly establish that Defendant PDI discriminated against the Plaintiff on account of her age and/or disability in violation of the ADEA, the ADA, the FEPA, the RICRA, and the CRPD.

41.     Defendant PDI actions and/or omissions are in violation of the ADEA, the ADA, the FEPA, the RICRA, and the CRPD, and were motivated by malice and ill will toward the Plaintiff, and Defendant PDI's actions were intentional, willful, malicious and taken with reckless and callous indifference to the statutorily protected rights of the Plaintiff.

### VII.  Claims for Relief

42.     The Plaintiff incorporates in the counts below the allegations contained in paragraphs 1-41 above.

### Count One
### Unlawful Discrimination—42 U.S.C. §12101, *et* seq.

43.     Defendant PDI, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of her disability and/or perceived disability in violation of the ADA causing the Plaintiff to suffer damages as aforesaid and thereby deprived Plaintiff of rights secured under the ADA.

### Count Two
### Unlawful Discrimination—29 U.S.C. §621, *et seq.*

44.     Defendant PDI, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, *et*

*seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the ADEA.

## Count Three
### Unlawful Discrimination—R.I.G.L. §28-5-1, *et seq.*

45.    Defendant PDI, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of her age and/or disability or perceived disability in violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the FEPA.

## Count Four
### Unlawful Discrimination—R.I.G.L. §42-112-1, *et seq.*

46.    Defendant PDI, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of her age and/or disability or perceived disability insofar as said actions and/or omissions resulted in the termination of an employment contract and the loss of benefits, terms and conditions of a contractual relationship existing between the Plaintiff and Defendant PDI in violation of the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the RICRA.

## Count Five
### Unlawful Discrimination—R.I.G.L. §42-87-1, *et seq.*

47.    Defendant, by its acts and/or omissions, including, but not limited to, those described herein, engaged in unlawful discrimination against the Plaintiff in employment on account of his disability or perceived disability in violation of the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the CRPD.

7

## VIII. <u>Prayers for Relief</u>

**WHEREFORE**, the Plaintiff respectfully prays that this Court grant the following relief:

1.      a declaratory judgment that Defendant PDI, in the manner described herein, unlawfully discriminated against the Plaintiff in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*, and the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.*;

2.      enjoining and permanently restraining Defendant PDR from violating the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*, and the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.*;

3.      award the Plaintiff back pay, including incremental increases, pension benefits, health and dental benefits and other benefits, plus prejudgment interest thereon;

4.      award the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus prejudgment interest thereon;

5.      award the Plaintiff punitive damages;

6.      award the Plaintiff reasonable attorney's fees and costs of litigation; and,

7.      such other and further relief as the Court deems just and proper.

## IX. <u>Demand for Jury Trial</u>

The Plaintiff hereby demands a trial by jury on all counts so triable.

8

## X. Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire, Michael D. Pushee, Esquire, and Nicole J. Policastro, Esquire as trial counsel.

PLAINTIFF,
By her attorneys,
**FORMISANO & COMPANY, P.C.**

Dated: May 30, 2018

/s/ V. Edward Formisano
V. Edward Formisano (#5512)

/s/ Michael D. Pushee
Michael D. Pushee (#6948)

/s/ Nicole J. Policastro
Nicole J. Policastro (#9606)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9691
(401) 944-9695 (facsimile)
edf@formisanoandcompany.com
mpushee@formisanoandcompany.com
npolicastro@formisanoandcompany.com

## CERTIFICATION

I hereby certify that on the 30th day of May, 2018, I caused the within to be electronically filed with the Clerk of the U.S. District Court for the District of Rhode Island using the CM/ECF System.

/s/ V. Edward Formisano

9